**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHELE BLAKELY,

    Plaintiff,

    v.                                                                   Case No. 26-2274-HLT-ADM

TOBY CROUSE,

    Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**
**AND**
**REPORT AND RECOMMENDATION OF DISMISSAL**

On May 7, 2026, pro se plaintiff Michele Blakely ("Blakely") filed this action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), naming U.S. District Judge Toby Crouse ("Judge Crouse") as defendant. (ECF 1.) At the same time, she moved for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF 3.) As discussed in further detail below, the court grants Blakely leave to proceed IFP, but recommends that the district judge dismiss her complaint for lack of subject matter jurisdiction.

**I.  BLAKELY MAY PROCEED IFP**

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefore, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefore." Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within "the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). The court has carefully reviewed the financial affidavit Blakely provided in support of her motion (ECF 3-1) and

finds that Blakely is unable to pay the filing fee required to commence this civil action.  The court

therefore waives the filing fee and grants Blakely leave to proceed IFP.

## II.    THE COURT RECOMMENDS DISMISSING BLAKELY'S COMPLAINT

### A.    Legal Standards

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C.

§ 1915(e)(2)(B).  The court must dismiss the complaint if it determines that the action "(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private

resources upon, baseless lawsuits that paying litigants generally do not initiate."  *Buchheit v.

Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Because Blakely is proceeding pro se, the court construes her pleadings liberally and holds

them "to a less stringent standard than those drafted by attorneys."  *Johnson v. Johnson*, 466 F.3d

1213, 1214 (10th Cir. 2006).  In doing so, however, the court does not "assume the role of advocate

for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Blakely still bears

"the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

In evaluating whether dismissal is appropriate, the court applies the same standard used for

motions under Federal Rule of Civil Procedure 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th

Cir. 2007).  The court accepts well-pleaded facts as true and draws reasonable inferences in the

plaintiff's favor.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).  To survive

screening, the complaint must contain sufficient factual matter to state a claim that is plausible on

its face; conclusory allegations are insufficient.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555–70 (2007).  Although a complaint need not include detailed factual allegations, it must provide

sufficient notice of the claims asserted so that a defendant may reasonably respond.  FED. R. CIV.

P. 8(a); *Monroe v. Owens*, 38 Fed. App'x 510, 515 (10th Cir. 2002). Because Blakely proceeds pro se, the court construes her filings liberally, but she must still allege sufficient facts to support a recognized legal claim. *Hall*, 935 F.2d at 1110.

The court also has an independent obligation to ensure it has subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court may raise the issue sua sponte. *See 1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006). When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc*., 929 F.2d 1519, 1521 (10th Cir. 1991).

### B.    The Complaint's Claims and Factual Allegations

Blakely brings this *Bivens* action against Judge Crouse alleging violations of Blakely's constitutional rights to due process arising from judicial actions taken in a prior case in this District ("the prior action"). Blakely's current case stems from her dissatisfaction with Judge Crouse's rulings entered in the prior action in which Blakely sued American Credit Acceptance, LLC ("ACA") and CarMax Auto Superstores, Inc. ("CarMax") over her 2021 credit purchase of a 2014 Jeep Cherokee, in which she asserted claims under the Fair Credit Reporting Act and Kansas state law. In the prior action, Judge Crouse issued a Memorandum and Order dated February 12, 2024, denying Blakely's motion to vacate the arbitration award, granting ACA's cross-motion to confirm the arbitration award, granting in part defendants' motion to dismiss and motion to take judicial notice, and denying Blakely's motion for entry of default judgment. (Case No. 23-2272, ECF 38.) The court then entered judgment in favor of CarMax and ACA. (Case No. 23-2272, ECF 39.) On

3

March 1, 2024, Blakely filed a notice of appeal to the Tenth Circuit. (Case No. 23-2272, ECF 40.) The Tenth Circuit ultimately dismissed her appeal for lack of prosecution. (Case No. 23-2272, ECF 61.)

In Blakely's current complaint that is now before the court, she alleges that removal in the prior action was improper because there was no federal question or diversity jurisdiction supporting removal; she was denied due process, including the opportunity to present pertinent material pursuant to Fed. R. Civ. P. 12(d) and a hearing pursuant to Fed. R. Civ. P. 12(i); and Judge Crouse lacked a statutory basis to confirm the arbitration award in the prior action. (ECF 1, at 2-6.) Blakely's complaint further alleges that she filed for relief from judgment in the prior action on March 31, 2025, and February 2, 2026, but Judge Crouse "ignored all evidence of his lack of authority and doubled down on the void judgment without a valid explanation." (ECF 1, at 6.) She contends that Judge Crouse is not entitled to judicial immunity "for his willful disregard to Blakely's constitutionally protected rights" and demands $250,000 in damages and punitive damages. (ECF 1, at 7-8.)

### C.    ANALYSIS

Blakely's complaint cannot proceed for multiple reasons. First, to the extent Blakely seeks to challenge rulings entered in her prior federal case, those claims constitute an improper collateral attack and are not cognizable in this action. Second, Blakely's claims seeking damages against Judge Crouse for actions taken while adjudicating the prior action are barred by absolute judicial immunity. The court addresses each issue in turn.

### 1.    Subject-Matter Jurisdiction

At bottom, much of Blakely's complaint reflects disagreement with rulings entered in her prior federal case. That type of challenge cannot proceed through a separate civil action. "This court lacks authority to hear a challenge to another federal judge's rulings and, as a result, lacks

subject-matter jurisdiction to hear plaintiff's claims." *Wenger v. Severson*, No. 24-1190-DDC-GEB, 2025 WL 2576953, at \*4 (D. Kan. Sept. 5, 2025) (internal quotations omitted); *see, e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (explaining that challenges to judicial orders must proceed through the ordinary appellate process, not through separate actions seeking to undermine those rulings). Consistent with that principle, a litigant may not use a new lawsuit to revisit or obtain relief from decisions entered in earlier proceedings. Instead, the proper avenues for relief include motions for reconsideration, objections to a magistrate judge's order, or appeal. *See*, e.g., 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(a).

Here, Blakely's allegations repeatedly target actions taken in the prior action, such as Judge Crouse's rulings on motions and his dismissal of claims, and she essentially asserts that those decisions were legally erroneous. To the extent Blakely seeks to challenge the correctness of those rulings or obtain relief from them, this action is an improper collateral attack and cannot proceed on that basis. As Judge Crabtree recently explained in a closely analogous case, a litigant may not use a separate lawsuit to revisit judicial decisions entered in earlier proceedings; disagreements with such rulings must be pursued through the ordinary appellate process. *Wenger*, 2025 WL 2576953, at \*4. The same is true here. Blakely's claims largely attempt to relitigate issues already decided in the prior action by recasting them as constitutional violations. But repackaging dissatisfaction with judicial rulings as a civil rights claim does not transform those challenges into a cognizable cause of action.

That said, Blakely's complaint goes further than merely seeking review of prior rulings. She also attempts to characterize Judge Crouse's conduct as unconstitutional or otherwise actionable in damages. Such allegations may be construed as asserting claims beyond a request for a second opinion on earlier decisions. *Id.* The court therefore does not treat the complaint as

solely a collateral challenge to prior rulings. Instead, to the extent Blakely asserts claims independent of a direct challenge to those decisions, the court addresses those allegations below.

To the extent Blakely seeks to revisit or obtain relief from rulings entered in her prior federal case, however, the undersigned recommends that those claims be dismissed without prejudice for lack of subject-matter jurisdiction.

### 2. Judicial Immunity

The court next turns to Blakely's remaining claims—those not constituting an improper collateral attack—and concludes they are barred by absolute judicial immunity. Judge Crouse is entitled to absolute judicial immunity from Blakely's claims for damages. "Absolute judicial immunity 'bars suits for money damages for acts made in the exercise of … judicial discretion.'" *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006)). This immunity applies to "judicial acts." *Id*. To be sure, judicial immunity is not without limits. A judge is not immune for (1) nonjudicial actions, or (2) judicial actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). But Blakely has not plausibly alleged either circumstance here.

### 1. Judicial Acts

Determining whether an act is "judicial" requires examining the nature of the act and whether it is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Where a judge's alleged conduct arises from presiding over litigation, those actions are judicial in nature and protected by absolute immunity. *Andrews*, 483 F.3d at 1076.

Here, all of Blakely's allegations concern Judge Crouse's actions taken in the course of adjudicating the prior action, such as ruling on motions, managing proceedings, and dismissing claims. These are core judicial functions. Blakely does not allege that Judge Crouse engaged in

6

conduct outside the context of those proceedings.  Because the challenged actions are those "normally performed by a judge," Blakely has not plausibly alleged any nonjudicial conduct that would overcome judicial immunity.  *See Fletcher v. Tymkovich*, 786 F. App'x 826 (10th Cir. 2019).

### 2.   Absence of Jurisdiction

Blakely also alleges that Judge Crouse acted without jurisdiction in the prior action.  (ECF 1, at 7 ("Toby Crouse hypnotized his authority without a statutory basis and proceeded without jurisdiction.  Crouse, acting under color of law, went through the entire case without questioning, establishing, or obtaining subject matter jurisdiction.").)  But this assertion rests on conclusory allegations and incorrect legal conclusions, which the court need not accept as true.  *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *EEOC v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1362 (D. Colo. Sept. 25, 2023).  Regardless of whether the court lacked diversity jurisdiction, as Blakely contends, the court had federal question subject matter jurisdiction because the complaint in the prior action asserted a claim under the federal Fair Credit Reporting Act ("FCRA"), in addition to state-law claims for violation of the Kansas Consumer Protection Act, fraud, and identity theft over which Judge Crouse exercised supplemental jurisdiction.  (Case No. 23-2272, ECF 1.)  Indeed, the notice of removal specifically invoked 28 U.S.C. §§ 1331, 1332, and 1367, as well as the removal statutes of §§ 1441 and 1446.  Because the complaint stated an FCRA claim that arises under federal law, the court had subject matter jurisdiction in the prior action.

The challenged action was taken in a case pending in this district, a matter squarely within its jurisdiction, and involved functions that judges are authorized to perform.  Blakely's disagreement with the removal of the case, or her belief that removal was legally erroneous, does not deprive the court or its judges of jurisdiction.  *See Stump*, 435 U.S. at 356 ("[A] judge will not

be deprived of immunity because the action he took was in error … or was in excess of his authority."). Nor do Blakely's allegations that Judge Crouse failed to adequately consider her filings or otherwise violated her constitutional rights plausibly establish a complete absence of jurisdiction. *See Wenger*, 2025 WL 2576953, at *6. At most, those allegations reflect disagreement with judicial decisions—matters that must be addressed through the ordinary appellate process, not through a separate civil action.

In sum, Blakely fails to allege facts showing that Judge Crouse acted outside his judicial capacity or in the complete absence of jurisdiction. Because the conduct at issue consists entirely of judicial acts taken in a case properly before the court, Judge Crouse is entitled to absolute judicial immunity. Blakely's claims for damages therefore fail as a matter of law, and the undersigned recommends that the court dismiss those claims with prejudice to the extent they do not seek review of prior court rulings. *See Ray v. Quisenberry*, No. CIV-22-823-D, 2023 WL 2447598, at *2–3 (W.D. Okla. Mar. 10, 2023) (dismissing claims against state judge with prejudice based on judicial immunity), *aff'd*, No. 23-6038, 2023 WL 3634720 (10th Cir. May 25, 2023) (finding no error in decision to dismiss with prejudice claims barred by absolute judicial immunity).

## II.    Conclusion

For the reasons explained above, the undersigned recommends that the district judge dismiss this action. To the extent Blakely seeks to challenge or obtain relief from rulings entered in her prior federal action, those challenges constitute an improper collateral attack and should be dismissed without prejudice for lack of subject-matter jurisdiction. Blakely's remaining claims are barred by absolute judicial immunity, and the undersigned recommends that the court dismiss those claims with prejudice.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), Blakely may file written objections to this Report and Recommendation within fourteen days after being served with a copy. If Blakely fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that Blakely's Motion to Proceed In Forma Pauperis (ECF 3) is granted.

**IT IS FURTHER RECOMMENDED** that the court dismiss Blakely's complaint for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Order and Report and Recommendation to Blakely via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated May 12, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge

9