# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHELE BLAKELY,

    Plaintiff,

    v.

TOBY CROUSE,

    Defendant.

Case No. 2:26-cv-02274-HLT-ADM

## ORDER

Plaintiff Michele Blakely[1] filed this *Bivens* action against U.S. District Judge Toby Crouse. Plaintiff claims that Judge Crouse violated her constitutional right to due process when he decided her case in the absence of jurisdiction to do so. Plaintiff sought leave to proceed in forma pauperis ("IFP").

Judge Mitchell reviewed Plaintiff's complaint and motion. She granted Plaintiff's request to proceed IFP and recommended dismissal of the case in a Report and Recommendation ("R&R"). Doc. 5. Plaintiff objected. Doc. 6. Plaintiff also moved to supplement the record. Doc. 7.

Judge Mitchell recommended dismissal based on lack of subject-matter jurisdiction and, to the extent any claim remains, as barred by absolute judicial immunity. Plaintiff objects that she is not seeking to collaterally attack a prior judicial decision and that Judge Crouse acted without subject-matter jurisdiction, depriving him of judicial immunity. The Court adopts Judge Mitchell's R&R and dismisses the case for lack of subject-matter jurisdiction and based on judicial immunity. The Court further certifies any appeal of this decision as frivolous.

---

[1]    Plaintiff proceeds pro se and in forma pauperis. The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

**Standard of Review.** Courts may screen the complaint of a plaintiff who proceeds in forma pauperis. A court may then dismiss the complaint if it determines that the action fails to state a claim on which relief may be granted.[2] A magistrate judge who completes the initial review must issue a R&R for a decision by the district judge because this is a dispositive matter. The district judge reviews de novo those portions of the magistrate judge's R&R to which written objections have been made. Fed. R. Civ. P. 72(b)(3). If no specific objections are timely made, the district judge may review the R&R under any standard she finds appropriate. *Price v. Kansas*, 2016 WL 4500910, at *1 (D. Kan. 2016) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**Plaintiff's Complaint, Factual Allegations, and Procedural History.** Plaintiff brings this case because she is unhappy with the rulings of Judge Crouse in a prior case, Case No. 2:23-cv-02272-TC-ADM. In that case, Plaintiff sued American Credit Acceptance, LLC ("ACA") and CarMax Auto Superstores, Inc. ("CarMax"). Plaintiff originally brought the case in state court. ACA removed. Judge Crouse dismissed the federal case. In doing so, he confirmed an arbitration award in favor of ACA and held that Plaintiff's claims against CarMax were barred by the doctrines of claim and issue preclusion. Plaintiff now asks this Court to award her $250,000 in damages and punitive damages against Judge Crouse in his individual capacity because he entered a void judgment that violates Plaintiff's constitutional rights. She contends that removal was improper in the prior action, that Judge Crouse denied her due process, and that he lacked a statutory basis to confirm the arbitration award.

---

[2] There are also other grounds for dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

This is not Plaintiff's first challenge to Judge Crouse's decision. Plaintiff appealed Judge Crouse's order in 2024. The Tenth Circuit affirmed. *Blakely v. CarMax Auto Superstores, Inc.*, 2024 WL 4891269 (10th Cir. 2024). Plaintiff then filed a motion for relief from judgment at the district-court level and a petition for writ of certiorari with the Supreme Court. Judge Crouse denied Plaintiff's motion in April 2025 and the Supreme Court denied Plaintiff's petition in June 2025. Plaintiff again asked Judge Crouse for relief from judgment in February 2026. Judge Crouse denied Plaintiff relief, and Plaintiff appealed again in March 2026. This time, the Tenth Circuit dismissed for failure to prosecute on April 15, 2026. Plaintiff filed the instant case on May 7, 2026.

**Subject-Matter Jurisdiction.** The first question is whether this Court has subject-matter jurisdiction over Plaintiff's case. It does not.

Plaintiff seeks to collaterally attack the rulings of Judge Crouse (and, in effect, the decision of the Tenth Circuit). She contends that Judge Crouse's rulings were erroneous and that he lacked jurisdiction to enter them. But this Court lacks jurisdiction to review another federal judge's rulings. *Wenger v. Severson*, 2025 WL. 2576953, at *4 (D. Kan. 2025). The avenues to challenge prior rulings include motions to alter or amend judgment (Rule 59), motions for relief from judgment (Rule 60), and an appeal.

Plaintiff already tried these avenues and failed. Most significantly, the Tenth Circuit already reviewed Judge Crouse's decisions. *Blakely*, 2024 WL 4891269. The Tenth Circuit held that removal was proper and that the district court had subject-matter jurisdiction over the case. *Id.* at *2. The Tenth Circuit also held that it was not error for the district court to consider the arbitration proceedings even though Plaintiff did not mention the proceedings in her state-court petition. *Id.* at *3. It affirmed the district court's confirmation of the arbitration award and rejected

Plaintiff's argument that she was denied due process. *Id.* at \*4-5. Plaintiff does not get another bite at the apple at the district court level.

To the extent Plaintiff is trying yet again to relitigate Judge Crouse's judicial decisions, this Court lacks jurisdiction and dismisses her claim without prejudice.

Plaintiff tries to avoid this outcome by repackaging her complaints as a constitutional violation. Her effort does not change the nature of her challenge. But to the extent that she asserts a claim independent of a challenge to Judge Crouse's decision, the Court addresses an additional reason for dismissal next.

**Absolute Judicial Immunity.** Plaintiff seeks damages from Judge Crouse. Judges acting in their judicial capacity are generally immune for suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). This immunity may be overcome if the allegations arise from acts not taken in the judge's judicial capacity or if the judicial acts are "taken in the complete absence of all jurisdiction." *Id.* at 11-12.

Here, Plaintiff's allegations make clear that the acts she complains of were taken by Judge Crouse in his judicial capacity. Her complaints all center on an order that he entered when she believes he lacked subject-matter jurisdiction. She alleges that Judge Crouse "ignored all evidence of his lack of authority and doubled down on the void judgment without a valid explanation." Doc. 1 at 6. She alleges that he "willfully, unlawfully, and consciously avoided his duty of mandatory adherence in strictly construing the removal statutes and conferred jurisdiction absent a statutory basis." *Id.* at 7.

Entering an order is a judicial act. Plaintiff disagrees with the reasons and motivations behind that action, but "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11. Plaintiff's complaints about how Judge Crouse handled her case do not

change the judicial nature of the acts she complains of in this case. And her challenge to Judge

Crouse's jurisdiction is conclusory and has already been rejected by the Tenth Circuit. Plaintiff

has asserted no valid basis to deny Judge Crouse judicial immunity.

To the extent that Plaintiff asserts a claim independent of a direct challenge to Judge

Crouse's decision, her claim is dismissed with prejudice based on absolute judicial immunity.

Plaintiff proceeds IFP. But the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal

of this order would not be in good faith. The Court therefore denies IFP status for the purpose of

an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

THE COURT THEREFORE ORDERS that the R&R (Doc. 5) is ADOPTED. The Court

dismisses Plaintiff's claim challenging rulings from her prior federal action WITHOUT

PREJUDICE. The Court dismisses any remaining claim WITH PREJUDICE.

THE COURT FURTHER ORDERS that Plaintiff's motion to supplement the record (Doc.

7) is DENIED.

The case is closed.

IT IS SO ORDERED.

Dated: June 3, 2026                         /s/ *Holly L. Teeter*
                                            HOLLY L. TEETER
                                            UNITED STATES DISTRICT JUDGE